IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN BARRETT, | ) | CASE NO. 1:19CV1472 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEITH J. FOLEY, Warden | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | **RE MOTION TO DISMISS PETITION** |
| | ) | **FOR UNTIMELINESS** |

**I.**

Federal and state judges alike have called the writ of habeas corpus the great writ.[1]
The name alone suggests something exceptional as it should.  The writ of habeas corpus
gives judges tremendous power to right wrongs that occurred in criminal cases, even to the
point of overriding the unanimous decision of 12 people who watched the trial from begin-
ning to end.  To better define—some would say to limit—the breadth and scope of this
judicial power, both federal and state legislatures have over time enacted laws that try to

---

[1] *See*, *e.g.*, *Ex parte Watkins*, 28 U.S. 193, 201 (1830) (opinion delivered by Marshall, CJ); *Boumediene v. Bush*, 553 U.S. 723, 826 (2008) (Roberts, CJ, dissenting); *Cullen v. Pinholster*, 563 U.S. 170, 210 (2011) (Sotomayor, J., dissenting); *In re Campbell*, 874 F.3d 454, 463 (6th Cir. 2017) (per curiam); *Bacall v. Stoddard*, 716 F. App'x 502, 511 (6th Cir. 2017) (Daughtrey, J., concurring); *State v. Keenan*, 143 Ohio St. 3d 397, 38 N.E.3d 870, 872 (2015); *Scott v. Houk*, 127 Ohio St. 3d 317, 939 N.E.2d 835, 845-46 (2010) (Pfeifer, J., dissenting).

explain how and when this writ gets exercised.  These laws arise out of practical necessity. Many prisoners want to correct perceived errors in their cases through the great writ, but not every prisoner's case warrants the exercise of that kind of judicial power.  The end result is that far more requests are denied than granted.

The petitioner in this case, Jonathan Barrett, asks that the great writ be exercised in his favor.  He doesn't ask for immediate release, but instead to be resentenced.  No one could blame him for asking, since he is serving a very lengthy sentence in an Ohio prison. The law requires, however that his request be denied, as I explain below.

## II.

*Barrett's Criminal Case in State Courts.*  On June 26, 2019, Jonathan Barrett filed a habeas corpus petition under 28 U.S.C. § 2254.[2]  He challenges the sentence he received on January 11, 1990 after a jury in Cuyahoga County, Ohio convicted him of felonious assault (count one), kidnapping (count two), rape (counts three, four, five, six, seven, and eight), and aggravated robbery (count ten).[3]  The state judge sentenced Barrett to 3 to 15 years on the felonious assault conviction, 10 to 25 years on the kidnapping conviction, 10 to 25 years on each of the first five rape convictions, 5 to 25 years on the sixth rape conviction, and 10 to 25 years on the aggravate robbery conviction.[4]  Because the state judge ordered all the terms to be run consecutive to one another, Barrett's total sentence is

---

[2] ECF #1.
[3] ECF #15-1, at 13.
[4] *Id.*

78 to 215 years.  He is currently serving this sentence at Grafton Correctional Institution.[5]

With the assistance of appointed counsel,[6] Barrett appealed his case on the ground that the jury's verdicts were against the manifest weight of the evidence.  On July 16, 1992, the state court of appeals affirmed the judgment against him.[7]  Barrett took his direct appeal no further.[8]

*Barrett's Post-Conviction Challenge in State Courts.*  More than 25 years later on January 8, 2018, Barrett returned to the state trial court with a pro se motion requesting a new sentencing hearing "for the offenses that remain after the state selects which allied offense or offenses to pursue."[9]  He brought the motion pursuant to Ohio Rev. Code Ann. § 2941.25 (West), which provides:

**2941.25 Allied offenses of similar import - multiple counts.**

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Barrett contended that the Ohio legislature enacted this statute "to limit when

---

[5] ECF #1, at 1.  *See also* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/-A217854, last accessed on 3/26/21.
[6] ECF #5-1, at 16.
[7] *Id.* at 66-98.
[8] ECF #1, at 2-3.
[9] ECF #5-1, at 77.

multiple punishments may be imposed for offenses arising from the same conduct."[10]  He further argued that felonious assault and kidnapping and rape and kidnapping are allied offenses of similar import, and that the prosecution in his case had no proof of a separate animus.  In Barrett's view, "[t]he primary issue before this [state] court is whether an allied offenses sentencing error can be corrected, and whether this court's authority is limited to accepting the state's merger selection, or whether the court can hold a new sentencing hearing after the merger is performed."[11]  Barrett argued that the trial court "must accept the state's selection, merge the offenses accordingly for the purposes of sentencing, and impose a sentence that is appropriate for the remaining offense or offenses."[12]  For this conclusion, he cited an opinion from the Supreme Court of Ohio that held:

> If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant.  On remand, trial courts must address any double jeopardy protections that benefit the defendant.[13]

On January 11, 2018, the trial court denied his motion.[14]  The state court of appeals sua sponte dismissed Barrett's appeal as being untimely.[15]  Barrett then filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio,[16] which the Court denied

---

[10] *Id.* at 80.

[11] *Id.*

[12] *Id.* at 81.

[13] *State v. Whitfield*, 124 Ohio St. 3d 319, 319, 922 N.E.2d 182, 188 (2010).

[14] ECF #5-1, at 83.

[15] *Id.* at 87.

[16] *Id.* at 91.

on June 27, 2018.[17]

    *Barrett's Federal Petition.*  On June 26, 2019, Barrett filed his pro se petition for federal habeas relief under 28 U.S.C. § 2254.[18]  The relief he seeks echoes almost verbatim the post-conviction motion he filed in state court a year and a half earlier:

> GROUND ONE: "Motion To Correct An Allied Offenses Sentencing Error Pursuant To R.C. §2941.25."[19]
>
> Supporting facts: "All Acts were against one victim, at one location, with one animus."[20]

    Barrett argues that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition "[b]ecause my case involves an **Allied Offenses Sentencing Error**, my sentences are **void ab initio** and must be vacated, and the last ruling on my case was entered on June 27, 2018 by the Ohio Supreme Court on [sic] Case # 2018-0611."[21]  Without further explanation or argument, Barrett cites ORC § 2941.25 and the Equal Protection Clause as legal grounds for vacating the sentence the state court imposed in 1990.[22]

    *Foley's Motion to Dismiss.*  The respondent in this case, Keith J. Foley, who is the warden at Grafton Correctional Institution, responds by arguing that Barrett didn't file his petition on time.[23]  The applicable statute of limitations is 28 U.S.C. § 2244(d)(1).  It

---

[17] *Id.* at 98.
[18] ECF #1.
[19] *Id.* at 5.
[20] *Id.*
[21] *Id.* at 13 (emphasis in original).
[22] *Id.* at 15.
[23] ECF #5.

provides four triggers to start the one-year limitations period for petitions like Barrett's:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[24]

In Foley's view, only § 2244(d)(1)(A) matters here.[25]  Normally, the calculation of the one-year statute of limitations begins with the date of the final judgment entry (journalization on July 27, 1992) plus the time Barrett would have to appeal to the Supreme Court of Ohio.  Section 2244, however, is part of the Antiterrorism and Effective Death Penalty Act of 1996 which became effective on April 24, 1996.  Because the state court judgment against Barrett became final years before AEDPA became effective, it would have been impossible for him to meet the deadline.  To address this problem, the law adds a one-year grace period to AEDPA's effective date, thus creating a new filing deadline of

---

[24] 28 U.S.C. § 2244(d)(1).
[25] ECF #5, at 5.

April 24, 1997 for prisoners like Barrett who file habeas petitions under 28 U.S.C. § 2254 to challenge final judgments that predate AEDPA.[26]  Because Barrett didn't file his federal habeas petition until 2019, he missed even this new deadline with the grace period. According to Foley, that means the statute of limitations bars Barrett's petition.[27]

Barrett did not respond to Foley's motion to dismiss.

Upon consideration of these arguments and the parties' submissions, I recommend that Barrett's petition be dismissed.  Both federal statutes and case law from our circuit require this outcome.

### III.

*Proper Respondent for the Petition.*  Before I begin my analysis of the pending motion to dismiss, I address one procedural issue to correct the name of the respondent. Barrett identifies LaShann Eppinger as the warden of Grafton Correctional Institution.[28] The state informs us that the warden of that institution is now Keith J. Foley.[29]

Section 2243 of the United States Code, Title 28 provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained."  It further requires that "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention."  This statute is needed for habeas relief to work.

---

[26] *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).
[27] ECF #5, at 6.
[28] ECF #1, at 1.
[29] ECF #5, at 1, n.1.  *See also* https://www.drc.ohio.gov/gci, last access on 3/27/21.

The respondent must be the person with the ability to produce the petitioner before the Court.[30]

Fed. R. Civ. P. 25 authorizes the remedy to rectify party alignment.  The rule allows the substitution of parties under various circumstances, such as when an interest is transferred or when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office.  Substitution of the proper respondent is appropriate; therefore, Warden Foley is the proper respondent in this case.

*The Statute of Limitations and Statutory Tolling.*  The first statute to examine is, of course, 28 U.S.C. § 2244(d)(1)(A).  It requires Barrett to file his federal habeas petition one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this instance, the one-year grace period I explained above is added to AEDPA's effective date, resulting in a deadline of April 24, 1997.  Barrett filed his federal habeas petition over two decades later.

There is a statutory exception to this limitation period found in § 2244(d)(2).  It provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The rub here is meeting the requirement of a "properly filed application."  "A post-conviction pleading is

---

[30] *See*, *e.g.*, *Cedeno v. Gray*, No. 1:17CV949, 2018 WL 10150931, at *1 (N.D. Ohio Mar. 27, 2018), *report and recommendation adopted*, No. 1:17CV949, 2019 WL 6841797 (N.D. Ohio Dec. 16, 2019), *appeal dismissed*, No. 20-3098, 2020 WL 1951668 (6th Cir. Mar. 12, 2020); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885) and citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973)).

considered 'properly filed' if 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings.' "[31]

There is also a timeliness component to this requirement. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."[32] Moreover, collateral petitions or other post-conviction pleadings filed after the statute of limitations has expired do not toll the limitations period. " 'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.' "[33] Federal law is therefore clear: an application for state post-conviction or other collateral review "tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired."[34]

This law means that the motion Barrett filed in state court in January 2018 to correct an allied-offenses sentencing error pursuant to ORC § 2941.25[35] did not toll the already-expired federal statute of limitations. Because Barrett filed his petition for federal habeas

---

[31] *Johnson v. Haviland*, No. 20-3560, 2020 WL 7048695, at *2 (6th Cir. Sept. 2, 2020) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (per curiam).

[32] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen*, 552 U.S. at 7.

[33] *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). *See also Patterson v. Lafler*, 455 F. App'x 606, 608 (6th Cir. 2012); *Payton*, 256 F.3d at 408 (noting the difference between when the statute of limitations begins and ends under § 2244(d)(1)(A) and the tolling of it under § 2244(d)(2)).

[34] *Patterson*, 455 F. App'x at 608 (citing *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007)).

[35] ECF #5-1, at 77.

relief after the statute of limitations had expired and because his state court motion did not toll that statute, the law requires Foley's motion to dismiss to be granted.

*The Statute of Limitations and Equitable Tolling.* The law requires me to construe Barrett's petition liberally.[36] Barrett does not help his cause in this regard by not filing a response to Foley's motion to dismiss the petition. The only document I have before me to construe liberally is Barrett's petition itself. Nevertheless, taking this step to construe liberally even this one document is important, because Barrett's argument under Ohio law regarding consecutive sentencing, allied offenses, and ORC § 2941.25 implicates the constitutional protection against double jeopardy.

In the case Barrett cited in his petition, the Supreme Court of Ohio recognized that ORC § 2941.25 "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense."[37] From the perspective of federal law, "[t]he fundamental nature of the guarantee against double jeopardy can hardly be doubted."[38] Given the supreme importance of this constitutional protection, I consider equitable tolling as a possible ground to excuse the missed filing deadline. Unfortunately for Barrett, this avenue does not make federal habeas relief available to him.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when

---

[36] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is 'to be liberally construed' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings").
[37] *Whitfield*, 922 N.E.2d at 185.
[38] *Benton v. Maryland*, 395 U.S. 784, 795 (1969).

10

'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' "[39]   This doctrine "is used sparingly by federal courts,"[40] and places the burden on Barrett to prove he is entitled to its application.[41] He must make a two-part showing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[42]

Nothing in his petition suggests that Barrett has made this showing.  There is, however, one significant development in Ohio law at the end of 2010 that affected the way Ohio courts interpret and apply ORC § 2941.25, which is the Ohio statute underlying Barrett's petition.  That year, the Supreme Court of Ohio reversed itself and overruled an earlier opinion[43] that instructed Ohio's lower courts how ORC § 2941.25. is to be interpreted and applied.  In its 2010 opinion, the Supreme Court of Ohio held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."[44]

This new approach to ORC § 2941.25 prompted inmates to file for post-conviction relief based on the new law, which in turn led to opinions by the Sixth Circuit (including

---

[39] *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)).  *See also Holland v. Fla.*, 560 U.S. 631 (2010).

[40] *Robertson*, 624 F.3d at 784 (citing *Graham-Humphreys*, 209 F.3d at 560).

[41] *Robertson, id.* (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

[42] *Robertson, id.* (citing *Holland*, 560 U.S. at 649).  *See also Pace*, 544 U.S. at 418.

[43] *State v. Rance*, 85 Ohio St. 3d 632, 710 N.E.2d 699 (1999).

[44] *State v. Johnson*, 128 Ohio St. 3d 153, 942 N.E.2d 1061, 1069 (2010).

one from just last year) dealing with this change in state law.[45]  Barrett's petition when liberally construed might be viewed as an effort to seek federal habeas relief on the argument that Ohio law changed regarding allied offenses, and that he could not have brought his petition any earlier because Ohio courts were still sorting out this new interpretation and application of ORC § 2941.25.

This liberal construction of Barrett's petition runs up against opinions by the Sixth Circuit holding that this new interpretation of ORC § 2941.25 is not to be applied retroactively on habeas review where the defendant has exhausted his remedies on direct review—like Barrett's situation.[46]  It also runs up against a subsequent opinion by the Supreme Court of Ohio holding that the new interpretation and application of ORC § 2941.25 applies prospectively only.[47]

Accordingly, even when liberally construing his habeas petition, Barrett fails to make a showing of equitable tolling.  The law requires me to recommend that Foley's motion to dismiss be granted.

## IV.

---

[45] *See*, *e.g.*, *Russell v. Wainwright*, 811 F. App'x 922 (6th Cir. 2020); *Volpe v. Trim*, 708 F.3d 688, 703 (6th Cir. 2013) (finding that the Supreme Court of Ohio's opinion in *Johnson* "changed more than a decade of Ohio allied-offenses jurisprudence").

[46] *Volpe*, 708 F.3d at 703–04; *Walters v. Warden, Ross Corr. Inst.*, 521 F. App'x 375, 378 (6th Cir. 2013).

[47] *State ex rel. Walker v. State*, 142 Ohio St. 3d 365, 30 N.E.3d 947, 949 (2015) (rejecting defendant's argument that he is entitled to a de novo resentencing hearing under *Johnson* and that his state and federal constitutional rights were violated when the trial court failed to determine whether any offenses were subject to merger at the time of his sentencing hearing).

Barrett missed the filing deadline for his habeas petition, and neither statutory tolling nor equitable tolling can save his federal case.  Since Barrett's sentencing in 1990, Ohio law on allied offenses has changed, including the way Ohio Rev. Code Ann. § 2941.25 is to be interpreted and applied.  This post-sentencing development doesn't help Barrett, however, because the Supreme Court of Ohio and the Sixth Circuit have made clear that those changes in Ohio law are to be applied prospectively only.

Accordingly, for the foregoing reasons, I recommend that Foley's motion to dismiss Barrett's petition[48] be granted.

Dated: March 29, 2021                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[48] ECF #5.

13

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice.  Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] *See* LR 72.3(b); *Thomas v. Arn*, 474 U.S. 140, 155 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).